## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **D.W. & H.G.**

**No. 15-0892** (Ohio County 14-CJA-89-DJS & 14-CJA-90-DJS)

**FILED**

January 11, 2016

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother J.W., by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's August 17, 2015, order terminating her parental rights to five-year-old D.W. and seven-year-old H.G. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner committed domestic violence in the presence of D.W. and maintained unsanitary home conditions which included the presence of animal urine, feces, and trash throughout the house. The DHHR also noted petitioner's history of Child Protective Services ("CPS") involvement since 2008, including a substantiated case for drug abuse, and failure to provide proper supervision.[2] Furthermore, petitioner admitted that she was currently in possession of prescription drugs without a valid prescription.

In December of 2014, the circuit court held a preliminary hearing during which the DHHR presented testimony of domestic violence, petitioner's drug use, and possession of drug paraphernalia, and the deplorable living conditions. Based upon the evidence and testimony presented, the circuit court found that the children were in imminent danger. Further, the circuit

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]In 2008, CPS provided petitioner with parenting and adult life skills classes.

1

court ordered petitioner to submit to a drug test. In January of 2015, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations as set forth in the petition. Based on petitioner's stipulations, the circuit court adjudicated petitioner as an abusive and neglectful parent. By order entered February 12, 2015, petitioner agreed to attend anger management and domestic violence classes.

Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to remain drug and alcohol free, submit to random drug tests, attend outpatient rehabilitation, submit to a psychological evaluation, and to obtain employment and independent housing. The circuit court also granted petitioner visitation with her children and ordered her to not associate with known criminals.

Beginning in February of 2015, the circuit court held several status hearings on the progress of petitioner's post-adjudicatory improvement period. During these hearings, the DHHR proffered that petitioner was not complying with her improvement period, had moved to the State of Ohio, and was dating a sex offender. Petitioner also admitted that she relapsed into drug use. According to the DHHR, services were discontinued because petitioner failed to participate in services for two months and was evicted from her apartment. Following the final status hearing in June of 2015, the circuit court set the matter for a dispositional hearing on July 31, 2015.

At the dispositional hearing, which petitioner did not attend, her counsel moved for a continuance to allow for her attendance. The circuit court denied petitioner's motion and proceeded with the hearing. Thereafter the circuit court proceeded to hear testimony that petitioner failed to remedy the conditions of abuse and neglect. A CPS worker testified that petitioner submitted to eight of the twenty-three required drug screens and was arrested. According to the worker, services and visitations were canceled due to petitioner's non-compliance and because petitioner admitted to relapsing. Finally, the worker testified that she admitted to maintaining a relationship with a sex offender in direct violation of the terms of her improvement period. Based on the evidence presented, the circuit court found that it was in the children's best interests to terminate petitioner's parental rights. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon review of the record, we find no error in the circuit court's denial of petitioner's motion to continue the dispositional hearing. Petitioner argues that the circuit court erred in denying her motion because she expressed her desire to attend the hearing (by informing her counsel that she was unable to attend) and that any delay would be minimal. This Court has held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). We also bear in mind the following:

> The granting of a continuance is a matter within the sound discretion of the trial court, though subject to review, and the refusal thereof is not ground for reversal unless it is made to appear that the court abused its discretion, and that its refusal has worked injury and prejudice to the rights of the party in whose behalf the motion was made.

Syl. Pt. 1, *State v. Jones et al.*, 84 W.Va. 85, 99 S.E. 271 (1919). *See In Interest of Tiffany Marie S.*, 196 W.Va. 223, 235, 470 S.E.2d 177, 189 (1996) (establishing "four salient factors that appellate courts consider when reviewing denials of requests for a continuance.")

Here, the circuit court heard evidence that despite having more than one month's notice of the dispositional hearing, petitioner waited mere hours prior to the hearing before notifying her counsel that she was unable to secure transportation to the hearing. Further, at the time of the request for continuance, the circuit court had no assurance that petitioner would appear. As noted above, petitioner failed to participate in the underlying proceedings for two months, admitted to relapsing, failed to submit to random drug tests, and maintained a relationship with a sex offender in direct violation of her post-adjudicatory improvement period. The circuit court denied petitioner's request for a continuance and we will not look behind that decision. "We may not reweigh the grounds afresh and, absent an abuse of discretion, the decision of the circuit court to reject a request for a continuance will not be overturned by an appellate court." *Id.* at 236, 470 S.E.2d at 190. For these reasons, we find no abuse of discretion.

For the foregoing reasons, we find no error in the circuit court's August 17, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II